**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **KINSALE INSURANCE COMPANY an Arkansas Corporation,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ETOPSI OIL & GAS LLC, dba EAST TEXAS OILFIELD PRODUCTIONS SVC, INC., a Texas limited liability company, and MCBRIDE OPERATING LLC, a Texas limited liability company,** | § | **CIVIL ACTION NO:** |
| | § | |
| **Defendants.** | | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against ETOPSI OIL & GAS LLC ("ETOPSI") and MCBRIDE OPERATING LLC ("McBride"), and alleges:

## NATURE OF ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to establish there is no coverage under an insurance policy issued to ETOPSI by Kinsale. Essentially, ETOPSI was sued by McBride over its professional services, including damage to the well that ETOPSI was working on. ETOPSI elected not to maintain a professional liability policy and there is no coverage under the Kinsale general liability policy.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district since "a substantial part of the events … giving rise

to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2). More specifically, McBride's underlying lawsuit is pending in Rusk County, Texas. Additionally, McBride seeks damages arising out of ETOPSI's design and supervision of the construction of a well located in Rusk County, Texas.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Richmond, Virginia. Pertinent here, Kinsale is a surplus lines insurer. Kinsale issued a surplus commercial general liability policy to ETOPSI as the Named Insured, bearing Policy No. 0100026163-2 and effective from 01/23/2017 to 01/23/2018.

6. McBride is a Texas limited liability company with its principal place of business in Texas. McBride sued ETOPSI in an underlying lawsuit for professional errors and omissions. Upon information and belief, no member of McBride is a citizen of Arkansas or Virginia so there is complete diversity.

7. ETOPSI is a Texas limited liability company with its principal place of business in Texas. ETOPSI erroneously believes it is entitled to coverage under the Kinsale policy. Upon information and belief, no member of ETOPSI is a citizen of Arkansas or Virginia so there is complete diversity.

## THE CRUX OF THE UNDERLYING TORT LAWSUIT IS THAT ETOPSI IS LIABLE FOR DAMAGE TO A WELL THAT ETOPSI DESIGNED AND SUPERVISED THE CONSTRUCTION OF

8. On 07/09/2018, McBride filed the underlying lawsuit styled: *McBride Operating, LLC v. East Texas Oilfield Production Services, Inc.*, Cause No. 2018-175, in the 4th Judicial District Court of Rusk County, Texas.

9. On 03/12/2019, McBride filed the operative second amended petition. A copy is

attached as Exhibit "A."

10. McBride alleges it "is the owner of the McBride #1 oil well." (Second Amended Petition, ¶5.)

11. McBride allegedly hired ETOPSI as an oil and gas industry consultant for the design of the oil well. More specifically, McBride alleges that "ETOPSI designed the injection well, engaged the drilling contractor, consulted with and advised the owner and the drilling contractor, decided the total depth of hole, decided on how deep to set the casing and was in control of the drilling operation." (*Id*.)

12. ETOPSI provided McBride with professional services.

13. On 10/25/2017, ETOPSI allegedly "decided that the drilling on the McBride #1 was complete." (*Id*.)

14. McBride alleges that ETOPSI's "consulting services, product and work … were negligent, breached various warranties and resulted in an occurrence that damaged the physical property of McBride." (*Id*.)

15. McBride also alleges ETOPSI's professional services "caused various fluids, muds, and other substances to be injected into the wellbore[, which] … reached the area near the geologic formation desired." (*Id*.)

**THE KINSALE COMMERCIAL GENERAL LIABILITY POLICY**

16. Kinsale issued a commercial general liability policy to ETOPSI as the Named Insured, bearing Policy No. 0100026163-2 and effective from 01/23/2017 to 01/23/2018. A copy is attached as Exhibit "B."

17. The policy's principal coverage form is Form CG 00 01 10 01. It provides in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies. We will have the right and duty to defend the insured against any “suit” seeking those damages. However, we will have no duty to defend the insured against any “suit” seeking damages for “bodily injury” or “property damage” to which this insurance does not apply. …

**b.** This insurance applies to “bodily injury” and “property damage” only if:

**(1)** The “bodily injury” or “property damage” is caused by an “occurrence” that takes place in the “coverage territory”;

**(2)** The “bodily injury” or “property damage” occurs during the policy period; and …

**2. Exclusions**

This insurance does not apply to: …

**b. Contractual Liability**

“Bodily injury” or “property damage” for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an “insured contract”, provided the “bodily injury” or “property damage” occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an “insured contract”, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of “bodily injury” or “property damage”, provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged. …

**j. Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. …

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use. …

**SECTION V – DEFINITIONS** …

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.** Your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. …

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. …

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(**1**) Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. …

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

**(2)** The providing of or failure to provide warnings or instructions.

18. The CGL policy includes an Additional Policy Exclusions endorsement. (*See* Form CAS3043 0117.) It provides in pertinent part:

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend.

**PROFESSIONAL LIABILITY EXCLUSION**

This insurance does not apply to professional liability, malpractice, errors, or omissions or acts of any type including rendering or failure to render any type of professional service nor to any expenses or any obligation to share damages with or repay anyone else who must pay damages from same, unless such Professional Liability coverage is specifically endorsed onto this policy.

19. The CGL policy also includes a Pollution Exclusion Amended with Time Element Pollution Incident Exception endorsement. (*See* Form EGY3015 0115.) This exclusion provides in pertinent part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE …

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** item **f.** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions m.** and **n.** are deleted and replaced with the following:

**ABSOLUTE POLLUTION EXCLUSION**

**1.** This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

**2.** This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

**a.** "[P]roperty damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or

**b.** Any loss, cost, expense, fines and/or penalties arising out of any … litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of "pollutants", environmental impairments, or contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when. …

> The definition of "pollutants" in this policy is deleted and replaced with the following:
>
> > "Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed. …

20. Kinsale has been providing ETOPSI with a defense in McBride's lawsuit under a complete reservation of rights, including the right to file a declaratory judgment action and seek reimbursement of attorney's fees and costs if there was never any coverage owed.

**COUNT I – NO COVERAGE UNDER THE PROFESSIONAL LIABILITY EXCLUSION**

21. Kinsale incorporates paragraphs 1 through 20.

22. McBride's lawsuit is for damages arising out professional services provided by ETOPSI.

23. The policy's Professional Liability Exclusion bars coverage for any claim or lawsuit because of ETOPSI's "professional liability, malpractice, errors, or omissions or acts of any type including rendering or failure to render any type of professional service nor to any expenses or any obligation to share damages with or repay anyone else who must pay damages from same[.]"

24. Accordingly, Kinsale has no duty to defend or indemnify ETOPSI.

**COUNT II – NO COVERAGE FOR DAMAGE TO REAL PROPERTY UNDER EXCLUSION J.(5)**

25. Kinsale incorporates paragraphs 1 through 20.

26. McBride seeks damages for "physical injury to the structures of the earth" and inability to use the "wellbore … in the future to access the geologic formation properly." (Second

Amended Petition, ¶5.)

27. Exclusion j.(5) bars coverage for property damage to real property on which ETOPSI or any contractors or subcontractors working directly or indirectly on its behalf are performing operations, if the ‘property damage’ arises out of those operations.

28. Accordingly, Kinsale has no duty to defend or indemnify ETOPSI.

**COUNT III – NO COVERAGE UNDER THE INSURING AGREEMENT**

29. Kinsale incorporates paragraphs 1 through 20.

30. The insuring agreement of the Kinsale policy is only triggered by “property damage” that occurs during the policy period and is caused by an “occurrence.”

31. The insuring agreement has not been triggered because McBride seeks damages other than property damage, specifically economic damages.

32. The insuring agreements also have not been triggered because there is no indication of any claim or lawsuit alleging damages caused by an “occurrence.”

33. Accordingly, Kinsale has no duty to defend or indemnify ETOPSI.

**COUNT IV – NO COVERAGE UNDER THE ABSOLUTE POLLUTION EXCLUSION**

34. Kinsale incorporates paragraphs 1 through 20.

35. The Kinsale policy includes an Absolute Pollution Exclusion that bars coverage for damages arising out of pollution.

36. McBride seeks damages because ETOPSI’s negligent design and supervision of the well’s construction caused various fluids, muds, and other substances to be injected into the wellbore.

37. Accordingly, Kinsale has no duty to defend or indemnify ETOPSI.

**COUNT V - NO COVERAGE UNDER VARIOUS POLICY EXCLUSIONS**

38. Kinsale incorporates paragraphs 1 through 20.

39. Exclusion b. Contractual Liability bars coverage to the extent ETOPSI is obligated to pay damages by reason of its assumption of liability in a contract or agreement.

40. Exclusion j.(3) bars coverage for damage to property loaned to ETOPSI.

41. Exclusion j.(4) bars coverage for damage to personal property in the care, custody, or control of ETOPSI.

42. Exclusion j.(6) bars coverage to the extent any property must be restored, repaired or replaced because ETOPSI's work was incorrectly performed on it.

43. Exclusion k. Damage to Your Product bars coverage to the extent any product provided by ETOPSI was damaged or caused damage to other property.

44. Exclusion l. Damage to Your Work bars coverage for any property damage arising out of or any part of ETOPSI's work and included in the products-completed operations hazard.

45. Exclusion m. Damage to Impaired Property or Property Not Physically Injured bars coverage to the extent any property is less useful because it incorporates work or products provided by ETOPSI, or because ETOPSI failed to fulfill the terms of its alleged contract with McBride.

46. Accordingly, Kinsale has no duty to defend or indemnify ETOPSI.

## REQUESTED RELIEF

Kinsale respectfully requests that this Court:

a. Adjudicate the rights of the parties under the Kinsale policy;

b. Find and declare that Kinsale does not have a duty to defend ETOPSI in the underlying action.

c. Find and declare that Kinsale does not have to pay any judgment against ETOPSI in the underlying action.

d. Award Kinsale, from ETOPSI, all the attorney's fees and costs that Kinsale incurred to provide ETOPSI with a defense in McBride's underlying lawsuit, and

e. Award Kinsale its costs in this action, as well as any other relief that this Court deems, equitable, just, and proper.

Respectfully Submitted,

*/s/ Lisa M. Henderson*
Lisa M. Henderson
State Bar No. 24025423
lisa.henderson@clydeco.us
CLYDE & CO
10440 N. Central Expressway, Suite 800
Dallas, TX 75231
Telephone: 214.540.7539
Facsimile: 214.540.7540

ATTORNEYS FOR PLAINTIFF KINSALE INSURANCE COMPANY